UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LUIS MOROCHO,

                              PLAINTIFF,

                                              **AMENDED COMPLAINT**

                 -AGAINST-

                                              **13 CIV 4585**

NEW YORK CITY, POLICE OFFICER ANTHONY
CUADRADO, DETECTIVE JOHN LOMBARDI and
DETECTIVE ANTHONY BOTTO, Individually, and as
members of the New York City Police Department,

                              DEFENDANTS.

------------------------------------------------------------------- x

RECEIVED NOV 21 2013 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Luis Morocho ("Mr. Morocho"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from an incident on February 27, 2013, in which officers of the New York City Police Department, acting under color of state law, intentionally and willfully subjected Mr. Morocho to, *inter alia*, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within, and the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff Mr. Luis Morocho is a citizen of the United States and at all times here relevant resided at 21-14 Rene Court, 1st Floor, Queens, NY 11385.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Anthony Cuadrado ("PO Cuadrado"), Detective John Lombardi ("Det. Lombardi"), and Detective Anthony Botto ("Det. Botto") at all times here relevant were members of the New York City Police Department, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Morocho is a father of two children and works as a food runner at L'Apicio restaurant, located at 13 East 1st Street, New York, NY 10003.

11. On or about February 27, 2013, at approximately 11:40 pm, Mr. Morocho ended his shift at L'Apicio and walked with a co-worker to the F Train subway station located at Second Avenue.

12. Mr. Morocho slid a MetroCard through the turnstile and gained entry to the subway platform.

13. Mr. Morocho and his co-worker walked along the platform and were approached by PO Cuadrado, Det. Lombardi and Det. Botto.

14. PO Cuadrado arrested Mr. Morocho without probable cause or legal justification.

15. PO Cuadrado handcuffed Mr. Morocho.

16. PO Cuadrado, Det. Lombardi and Det. Botto escorted Mr. Morocho out of the train station and placed Mr. Morocho in a police car.

17. While in the police car Mr. Morocho asked to have the handcuffs loosened as they were too tight and causing pain in his hands and wrist.

18. PO Cuadrado, Det. Lombardi and Det. Botto refused to loosen the handcuffs.

19. Mr. Morocho was transported to the 5th Precinct for processing.

20. Mr. Morocho was processed in the 5th Precinct for approximately one hour.

21. Mr. Morocho was then transported to Central Bookings to await his arraignment.

22. Mr. Morocho was held in Central Bookings until approximately 4:00 pm on February 28, 2013.

23. At approximately 4:00 pm Mr. Morocho was told that the District Attorney declined to prosecute his case.

24. Mr. Morocho was allowed to leave Central Bookings without being arraigned or any formal charges being brought against him.

25. Mr. Morocho continues to feel traumatized by the events of February 2013, and is wary and fearful when he sees police officers. Mr. Morocho takes efforts to avoid police officers when in public.

26. Mr. Morocho suffered following the incident and feels fear, embarrassment, humiliation, physical injury, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

27. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

28. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

29. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by the defendants.

30. The defendants confined plaintiff.

31. Plaintiff was aware of, and did not consent to, his confinement.

32. The confinement was not privileged.

33. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

34. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

36. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

37. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(Failure to Intervene)

38. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

39. Defendant PO Cuadrado arrested plaintiff without probable cause or legal justification.

40. Defendants Det. Lombardi and Det. Botto knew, or should have known, that PO Cuadrado did not have probable cause or legal justification to arrest plaintiff.

41. Defendants Det. Lombardi and Det. Botto failed to intervene to prevent PO Cuadrado from arresting plaintiff without probable cause or legal justification.

42. Defendants Det. Lombardi and Det. Botto had sufficient time to intercede and had the capability to prevent PO Cuadrado from arresting plaintiff without probable cause or legal justification.

43. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 21, 2013

By: _____
Justin Delle Cave (JD 4776)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075